Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND Q, INC., a California corporation, | Case No.: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **JURY TRIAL DEMANDED** |
| THE TIE GROUP NECKWEAR, INC., a business entity of form unknown; J. VALINTIN, INC., d/b/a "Vitorofolo," a California Corporation; and DOES 1-10, | |
| Defendants. | |

1

COMPLAINT

Plaintiff, Brand Q, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq.* and the Lanham Act, Title 15 U.S.C. § 1125.

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3.      The Court has personal jurisdiction over Defendants and each of them because Defendants are residents of this judicial district, and/or have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4.      Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because Defendants conduct business within the district and a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5.      Plaintiff BRAND Q, INC. ("Plaintiff" or "Brand Q") is a California corporation with its principal place of business located at 712 E Washington Blvd, Los Angeles, California 90021.

6.      On information and belief, Defendant THE TIE GROUP NECKWEAR, INC. ("TIE GROUP") is a business entity of form unknown with principal place of business at 1139 S. Los Angeles St., Los Angeles, California 90015.

7.      On information and belief, Defendant J. VALINTIN, INC. d/b/a "Vitorofolo" ("VITOROFOLO") is a California corporation with a principal place of business at 723 S. Los Angeles Street, Los Angeles, CA 90014.

8.      Defendants DOES 1 through 10 (together with TIE GROUP and VITOROFOLO, "Defendants"), are other parties who have infringed Plaintiff's

copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## NATURE OF THE SUIT

10.     This case concerns the infringement of Brand Q's copyrights in an original two-dimensional paisley design styled "Design #20" by Defendants. Worse, this case concerns sales of infringing product by Defendants after the parties negotiated a 2022 agreement concerning infringement of the same work in which they agreed to cease any future sales of product featuring Brand Q's Design 20.

## FACTUAL BACKGROUND

11.     Brand Q owns an original two-dimensional paisley print entitled Design #20 (the "Subject Design"), which has been registered with the United States Copyright Office under Registration No. VA 2-218-590.

12. Defendant TIE GROUP, is a wholesale distributor of neckties, bowties, and accessories.

13. In or around 2021 Brand Q found TIE GROUP selling ties and other formalwear products featuring Design 20 (hereinafter "Offending Product"), and filed suit in this judicial district to address that infringement. That lawsuit, filed under case Case No. 2:22-cv-04850-JVS-E, is referred to herein as the "Prior Case."

14. The Prior Case was resolved on or about August 25, 2022 pursuant to a written settlement agreement (the "2022 Agreement"), in which TIE GROUP stated that it had a minimal amount of the Offending Product remaining, agreed to donate or destroy that inventory, and agreed that to be permanently enjoined from further distribution of Offending Product.

15. In July 2026, Brand Q discovered TIE GROUP selling new Offending Product through its brick-and-mortar store. Said product includes but is not limited to the products sold as follows:

    a. by TIE GROUP at its Los Angeles brick-and-mortar store: (i) Bow Tie Set under the name "Tie G U.Style" and (ii) Neck Tie Set under the label "Vitorofolo Designed By Italy," indicating it was manufactured by or for VITOROFOLO;

    b. by VITOROFOLO on jvalintin.com under the name "Men's Bow Tie Hankie J.Valintin Tuxedo" under the Style No. BT52 White Paisley, indicating it was manufactured by or for VITOROFOLO.

16. A representative image of the Subject Design and an exemplar of an Offending Product are set forth below:

///

///

| **Subject Design** | **Offending Product** |
|---|---|
|  |  |
| |  |
| **Detail** | **Detail** |
|  |  |

[High Contrast Image: Modified to Show Design on Light Product]

COMPLAINT

17. Brand Q did not manufacture or distribute the Offending Product. Indeed, the Offending Product are of plainly inferior quality, differing size, and include colors that Brand Q does not manufacture or distribute.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement (17 U.S.C. § 106) – Against all Defendants, and Each)**

18. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

19. Defendants and each of them, accessed the Subject Design by without limitation, purchasing product bearing the Subject Design directly from Brand Q.

20. Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Design and distributing same to the public.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand

dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Contributory Copyright Infringement (17 U.S.C. § 106) – Against all Defendants, and Each)**

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

25. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Design as alleged hereinabove.

26. Defendants knew or should have known that the manufacturer, exportation, sale, and distribution of unauthorized reproductions of the Subject Design to third-parties for further sale, directly infringed the copyrights in and to the Subject Design.

27. Defendants induced, caused, and materially contributed to the third-party manufacturers' direct infringement by, at a minimum, importing, purchasing, and/or causing to be manufactured products bearing unauthorized reproductions of the Subject Design from its third-party distributors which Defendants then sold and distribution.

28. Defendants received substantial benefits in connection with its unauthorized reproduction and distribution of the Subject Design, including, but not limited to revenue received from the sale of products bearing unauthorized reproductions and derivatives of the Subject Design.

29. Plaintiff alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

7

COMPLAINT

30.     By reason of Defendants' acts of contributory infringement as alleged above, Plaintiff has been damaged and has suffered damages in an amount to be established at trial.

31.     Due to Defendants' acts of contributory copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Design, in an amount to be established at trial.

32.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYOR FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

    a.  That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

    b.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

COMPLAINT

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 16, 2026          By:   */s/ Stephen M. Doniger*
                                    Stephen M. Doniger, Esq.
                                    David Shein, Esq.
                                    DONIGER / BURROUGHS
                                    Attorneys for Plaintiff

9
COMPLAINT